Mr. Justice Douglas
delivered the opinion of the Supreme Court, holding:
1. A railroad company which, in order to compete with land-grant roads over which the Government is entitled to ship at reduced rates, has entered into a so-called “freight-land-grant equalization ‘ agreement” by which it has agreed to accept for the transportation of property shipped for account of the United States and for which the United States is entitled to reduced rates over land-grant roads, “the lowest net rates lawfully available as derived through deductions account of land-grant from the lawful rates filed with the Interstate Commerce Commission,” may claim for such transportation only the amount which the United States would have to pay for shipment over the cheapest land-grant route, even though such route is so circuitous that shipment thereby would have been improvident and uneconomical.
2. In determining whether the United States was entitled to have a circuitous routing used as a basis in computation of freight charges under freight-land-grant equalization agreement between the Government and carrier, the fact that in a given case the shipment prob *872 ably would not have moved over the land-grant route was immaterial.
3. In construing- a freight-land-grant equalization agreement between a common carrier and the United States, the Court could not resolve ambiguities against the United States, but was required to assume that the contracting officers for the United States drove as provident a bargain as a reading of the agreement fairly permitted.
4. Where the passenger-land-grant equalization agreement gave equalizing carriers more favorable rates than lowest rates to which the Government was lawfully entitled on land-grant routes, the omission of any such qualification in freight-land-grant equalization agreement between carrier and Government could be considered in construing the latter agreement.